



## MEMORANDUM OPINION

No. 04-09-00701-CV

**IN THE INTEREST OF C.R.** and F.E.F., IV, Minor Children

From the County Court at Law, Kerr County, Texas
Trial Court No. 07-816-C
Honorable Phil Vanderpool, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                  Rebecca Simmons, Justice
                  Marialyn Barnard, Justice

Delivered and Filed:  February 16, 2011

AFFIRMED

In this appeal of a judgment terminating the parental rights of Kellie F. and Forrest F., the only issue presented is whether the trial court committed reversible error in admitting hearsay statements of C.R. because there was insufficient evidence to prove the reliability of the statements. We affirm the trial court's judgment.

Section 104.006 of the Texas Family Code provides:

In a suit affecting the parent-child relationship, a statement made by a child 12 years of age or younger that describes alleged abuse against the child, without regard to whether the statement is otherwise inadmissible as hearsay, is admissible as evidence if, in a hearing conducted outside the presence of the jury, the court finds that the time, content, and circumstances of the statement provide sufficient indications of the statement's reliability and: (1) the child testifies or is available to testify at the proceeding in court or in any other manner provided by

law; or (2) the court determines that the use of the statement in lieu of the child's testimony is necessary to protect the welfare of the child.

TEX. FAM. CODE ANN. § 104.006 (West 2008). Kellie F. and Forrest F. contend the trial court erred in allowing three witnesses to testify regarding statements made by C.R. because there was insufficient evidence to prove the reliability of the statements under section 104.006. First, Tanya Castro, a caseworker, testified that: (1) C.R. was scared; (2) Forrest F. hit C.R. in the head and mouth; (3) Forrest F. drinks; and (4) Kellie F. and Forrest F. argue and fight all the time. Next, Joni Chavez-Martell, a counselor, testified that: (1) C.R. is terrified of her parents; and (2) her cousins sexually abused her. Finally, Kristi M., C.R.'s foster mother, testified that C.R.'s grandmother was mean to her.

We first note that the record reflects that the trial court conducted a hearing outside the jury's presence and thoroughly considered the admissibility factors set forth in section 104.006. We next note that some of the statements about which Kellie F. and Forrest F. complain are not statements that describe alleged abuse against C.R. that would be subject to the requirements contained in section 104.006. We will, however, assume for purposes of this opinion that the trial court erred in admitting the statements in question.

"To reverse a judgment based upon error in the admission or exclusion of evidence, the appellant must show that the trial court committed error and that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment." *See In re R.A.L.*, 291 S.W.3d 438, 446 (Tex. App.—Texarkana 2009, no pet.); TEX. R. APP. P. 44.1(a)(1). Error in the improper admission of evidence is usually deemed harmless if the objecting party permits the same or similar evidence to be introduced without objection, or if the evidence is cumulative of properly admitted evidence. *See Richardson v. Green*, 677 S.W.2d 497, 501 (Tex. 1984).

"Clearly, erroneous admission is harmless if it is merely cumulative." *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004).

In this case, Forrest F. testified regarding the sexual abuse by C.R.'s cousins. In addition, Tanya Castro testified to almost all of the statements about which Kellie F. and Forrest F. complain before an objection was made at trial and a hearing was requested outside the jury's presence. Kellie F.'s mother, Susan Reinhard, also testified about Kellie F. and Forrest F. arguing and fighting, Forrest F.'s drinking, and the incident involving C.R.'s cousins. Leanne Crounse, a CASA volunteer, further testified that she witnessed C.R. being terrified that she was going to be hit by Forrest F. Crounse also testified that she witnessed Kellie F. and Forrest F. yelling at each other. Crounse further testified that C.R. pleaded with her to tell the judge that she wanted to stay with her foster parents. Crounse testified that C.R. seemed scared and just wanted to be someplace safe. Prior to any objection, Crounse also testified that C.R. told her that she was afraid of her paternal grandmother. Finally, two exhibits were introduced into evidence that contain a written list of the statements C.R. made to two of the witnesses who testified. These exhibits contain all of C.R.'s statements about which Kellie F. and Forrest F. complain. When the exhibits were introduced into evidence, the attorneys for both Kellie F. and Forrest F. affirmatively stated that they had no objections. *See Pojar v. Cifre*, 199 S.W.3d 317, 341 (Tex. App.—Corpus Christi 2006, pet. denied); *Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 850 (Tex. App.—Texarkana 2005, pet. denied) (both holding that an affirmative assertion of "no objection" waives any error in admission of evidence even in the face of a pretrial ruling). Because the same or similar evidence to the statements about which Kellie F. and Forrest F. complain was introduced without objection and because the statements are cumulative of

properly admitted evidence, any error by the trial court in admitting the statements was harmless. *See Nissan Motor Co.*, 145 S.W.3d at 144; *Richardson*, 677 S.W.2d at 501.

The sole issue on appeal is overruled, and the trial court's judgment is affirmed.

Rebecca Simmons, Justice